UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ALONNA LEE GARRETT, | ) |
| Movant, | ) ) ) |
| vs. | ) No. 1:11CV10 HEA ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion to vacate. For the reasons set forth below, the Motion is denied without a hearing.

**Movant's Claims**

Movant makes the following claims in her Motion:

**Ground One**: Ineffective assistance of counsel-failure to fully explore plea possibilities.

**Ground Two:**  Ineffective assistance of counsel-failure to accurately calculate Federal sentencing guideline when advising defendant to plea offer.

**Ground Three:** Ineffective assistance of counsel- failure to explain the risk and benefits of plea offer.

**Ground Four:** Ineffective assistance of counsel-erroneous advice of refuse a plea offer.

## Facts and Background

On June 18, 2009, Movant was indicted by a federal grand jury which charged Movant with conspiracy to possess pseudoephedrine, with intent to manufacture methamphetamine. Movant plead guilty, pursuant to a written plea agreement on October 19, 2009. The probation office prepared a presentence investigation report (PSR).

The Court sentenced Movant to 151 months incarceration and two years supervised release on January 19, 2010. Movant did not appeal her conviction, judgment or sentence.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a

§ 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence."  *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief."  *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255).  Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'"  *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim

"without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

- 4 -

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at

694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Grounds One**

Movant argues that counsel was ineffective in failing to advise the Government that she was willing to cooperate. The record, specifically the plea agreement signed by Movant, establishes that Movant's claim is without merit. The Plea Agreement provides that the Government has not sought, nor has the defendant provided "substantial assistance" to the Government. The Plea Agreement also provided that the Government would not file a motion for

downward departure, and that the Movant fully understood same.

Likewise during the colloquy between the Court and Movant during the plea, the Court specifically asked Movant about her understanding of the plea. Movant advised the Court that she understood everything in the plea agreement, that she had discussed it withe her attorney in detail and that she had no questions about anything contained therein. Movant did not, at anytime during her criminal case, raise any issues regarding her cooperation.

Although Movant provides the Court with a declaration which includes her accusations, the record before the Court establishes that *at the time of the plea*, Movant did not notify the Court of any issues she had with his attorney. Movant was given the opportunity during the plea and at sentencing, to advise the Court of any misgivings, issues, concerns, or problems she was having with her attorney. Movant's post-sentencing declaration does not serve to defeat Movant's sworn testimony that counsel provided her with the effective representation. Movant's plea was well advised, it was not the result of "willful disobedience to a court order" nor was it based on untruthful or incompetent advice. As the record clearly establishes, Movant's plea was a fully informed, voluntary agreement entered into by Movant. Movant has failed to establish that counsel's representation fell below an objective standard of reasonableness.

**Ground Two**

Movant argues that counsel failed to accurately calculate Federal sentencing guideline when advising defendant to plea offer.  To the contrary, the record establishes Movant's base offense level and total offense level were properly estimated in the plea agreement.  In her Motion, Movant fails to recognize that her criminal history must be considered in the sentencing guideline range.  Moreover, Movant was specifically put on noticing, in the Plea Agreement, that her criminal history might affect the ultimate sentence: "Prior convictions can affect the sentence and usually result in a harsher sentence."  Movant's claim is without merit.

**Ground Three**

Movant claims that she was misled by counsel through counsel's failure to explain the "risk and benefit" of the plea agreement.  The record, once again, belies Movant's argument.  Contained in the plea agreement is the acknowledgment by Movant that she voluntarily and knowingly entered into the agreement.  Moreover, the Court ascertained, through questioning Movant, under oath, that she was competent to plead in this matter.  Likewise, the Court established through questioning that Movant voluntarily entered the plea with a complete understanding that the ultimate determination of Movant's sentence was

entirely up to the Court, regardless of any agreements she may have had with the Government. Movant's Ground Three is without merit.

**Ground Four**

Movant claims that she was told by counsel that she could do better than 87-108 months. Movant further argues that she relied upon counsel's representation and did not accept the first plea offer to her detriment. This statement appears to reflect Movant's contention that she was offered 87-108 months as some previous time before the plea agreement. The Government has advised the Court that the only offer made to Movant was that to which she plead. Movant has produced no evidence to contradict the Governments representation.

Additionally, Movant's counsel argued at sentencing for a downward variance. The record establishes that Movant was fully and completely advised that her sentence would be determined by the Court, and that she entered into the plea agreement with full knowledge of the Court's role in sentencing. Ground Four is meritless.

## Conclusion

Based upon the foregoing analysis, Movant's claims of ineffective assistance of counsel fail to afford her relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 13th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE